UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH GOLDSTROM, <br><br> *Plaintiff,* <br><br> v. <br><br> SELENDY GAY ELSBERG PLLC, <br><br> *Defendant.* | Case No. 23-cv-07527 <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff Seth Goldstrom ("Goldstrom") by and through his undersigned attorneys, for his Complaint against Selendy Gay Elsberg PLLC, alleges as follows:

## INTRODUCTION

1.   Defendant Selendy Gay Elsberg PLLC ("SGE") represented plaintiff Seth Goldstrom between May 9, 2018 and March 8, 2019.  Since then, Goldstrom has repeatedly demanded that SGE provide him with all property possessed by SGE relating to SGE's representation of him and created or acquired during the time SGE represented Goldstrom (the "Case File").  Goldstrom brings this action to remedy SGE's violations of its professional and contractual obligations to its former client, and seeks, among other things, an order directing SGE to provide the Case File to Goldstrom.

2.   Goldstrom is a Senior Partner of McKinsey & Co., Inc. ("McKinsey"), a global management consulting firm.  From May 9, 2018 to March 8, 2019, SGE jointly represented McKinsey and certain of its employees, including Goldstrom, in a civil RICO action filed in the

United States District Court for the Southern District of New York, as well as in various related proceedings, investigations, and litigation.

3. On or around October 9, 2018, Goldstrom and McKinsey each entered into separate agreements with SGE, pursuant to which SGE agreed in writing to ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5. On September 28, 2022, Goldstrom's counsel first wrote to SGE on behalf of Goldstrom, requesting that SGE transmit Goldstrom's Case File to them. Since that time, Goldstrom's counsel has made repeated requests to SGE for the production of the Case File, and Goldstrom has offered to arrange payment of the reasonable costs of assembling and transmitting the entire Case File.

6. To date, SGE has failed to provide Goldstrom or his counsel with any part of Goldstrom's Case File in response to those requests, instead engaging in months of dilatory and bad faith tactics, in violation of SGE's professional and contractual duties to Goldstrom. Pursuant to both SGE's written agreement with Goldstrom and its other jointly represented

clients, and its obligations under the New York Rules of Professional Conduct, SGE has an unambiguous obligation to produce that property to Goldstrom on demand, which SGE refuses to do. Through this action, Goldstrom seeks, among other things, a declaratory judgment and order directing SGE to produce Goldstrom's Case File in its entirety, as well as damages resulting from SGE's months-long failure to do so.

## THE PARTIES

7. Goldstrom resides in Jackson County in the State of North Carolina. Goldstrom is a Senior Partner at McKinsey, where he has been employed for more than twenty-five years.

8. SGE is a law firm located in New York, New York. SGE formerly jointly represented Goldstrom, McKinsey, and certain other McKinsey affiliates in connection with a civil RICO action filed in the United States District Court for the Southern District of New York, as well as various related proceedings, investigations, and litigation.

## JURISDICTION AND VENUE

9. Goldstrom seeks, among other things, declaratory relief pursuant to 28 U.S.C. § 2201(a) to resolve an actual controversy between Goldstrom and SGE regarding SGE's failure to produce Goldstrom's complete Case File in accordance with its obligations under the New York Rules of Professional Conduct and its contractual commitments to Goldstrom. Goldstrom's dispute with SGE is a ripe case or controversy. As described herein, Goldstrom seeks a declaration (i) stating that SGE is in violation of its professional and contractual obligations to Goldstrom; (ii) identifying the property and other information SGE must produce to Goldstrom in order to come into compliance with those professional and contractual obligations; and (iii) ordering SGE to produce Goldstrom's property.

10. This court has diversity jurisdiction over all claims asserted herein under 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between the parties and (ii) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. SGE's website lists fifteen partners of SGE.  On information and belief, none of SGE's fifteen partners are residents of North Carolina.  On information and belief, Partners Temidayo Aganga-Williams, Sean Baldwin, Andrew R. Dunlap, David Elsberg, David S. Flugman, Faith Gay, Maria Ginzburg, Jordan A. Goldstein, Lena Konanova, Joshua Margolin, Jennifer Selendy, Philippe Selendy, Oscar Shine, and Lauren Zimmerman are residents of New York.  On information and belief, Partner Rajat Rana is a resident of New Jersey.

12. SGE is subject to personal jurisdiction in this district because it is registered to conduct business within the State of New York, and has continuous and systematic contacts within this district.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district and SGE resides in the district, pursuant to 28 U.S.C. § 1391(c)(2).

## FACTUAL ALLEGATIONS

14. On or around March 15, 2018, McKinsey retained SGE to represent it with respect to an anticipated lawsuit to be filed by Jay Alix – the founder of AlixPartners, a corporate restructuring advisory firm and competitor of McKinsey's. █████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

15. On May 9, 2018, Alix filed a civil RICO action in the United States District Court for the Southern District of New York, naming McKinsey, Goldstrom, and other individuals and entities as defendants. *Alix v. McKinsey & Co. Inc., et al.*, S.D.N.Y. Case No. 1:18-cv-04141-JMF (the "RICO Action").

16. On May 9, 2018, SGE entered an appearance as counsel of record for both McKinsey and Goldstrom, as well as other parties, in the RICO Action. ██████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████

17. At no time did SGE provide Goldstrom with an engagement letter, as required by New York Rule of Professional Conduct 1.5(b).

18. On or around May 11, 2018, Goldstrom – along with other then-current employees of McKinsey named as defendants in the RICO Action – retained Robbins Russell LLP, a law firm in Washington, D.C., to serve as their separate counsel. SGE continued to represent Goldstrom and McKinsey.

19. On or around June 15, 2018, Goldstrom (and Goldstrom alone) retained Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg Hansen"), a law firm in Washington, D.C., to serve as his separate counsel. SGE continued to represent Goldstrom and McKinsey.

20. On or around July 30, 2018, McKinsey retained Debevoise & Plimpton LLP to serve as its separate counsel. SGE continued to represent Goldstrom and McKinsey.

21. ███████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████

22. ███████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████

23. ███████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████

24. ███████████████████████████████████
████████████████████████████████████████

25. ███████████████████████████████████

26. ███████████████████████████████████
████████████████████████████████████

27. Between May 9, 2018 and March 8, 2019, discovery in the RICO Action was stayed pending the adjudication of a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the RICO Action. The stay of discovery continued to be in effect after March 8, 2019. Briefing on

the motion to dismiss the RICO Action concluded on February 15, 2019, when Jay Alix filed his sur-reply in opposition to the motion to dismiss.

28. On August 19, 2019, the district court in the RICO Action dismissed Alix's RICO claims (including all claims against Goldstrom) with prejudice. Alix appealed.

29. On January 19, 2022, the United States Court of Appeals for the Second Circuit vacated the dismissal with an order to remand the action to the district court. On February 2, 2022, defendants in the RICO Action, including Goldstrom and McKinsey, petitioned for *en banc* review by the Second Circuit. On March 30, 2022, the Second Circuit denied the petition.

30. On April 27, 2022, the Second Circuit issued a mandate remanding the case to the district court for further proceedings. Goldstrom and his co-defendants subsequently petitioned the United States Supreme Court for a writ of certiorari.

31. On September 28, 2022, Goldstrom's counsel emailed SGE to request that, pursuant to New York Rule of Professional Conduct 1.16(e), SGE transmit Goldstrom's complete Case File to counsel.

32. On October 11, 2022, the United States Supreme Court denied the petition for a writ of certiorari.

33. On October 12, 2022, Goldstrom's counsel spoke with Faith Gay of SGE via telephone. During the call, Goldstrom's counsel repeated Goldstrom's September 28, 2022 demand for production of the Case File. Goldstrom's counsel described in detail the nature and scope of the property – including documents, work product, and other information – Goldstrom was entitled to receive, ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████



34. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████

35. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

36. On October 27, 2022, SGE attorneys moved to withdraw as counsel for Goldstrom and McKinsey in the RICO Action. The motions stated that the SGE attorneys "[do] not, and cannot, assert a retaining or charging lien." The district court granted SGE's motions to withdraw on October 28, 2022.

37. On November 3, 2022, Goldstrom's counsel emailed SGE a letter repeating for the third time Goldstrom's demand for the immediate production of the Case File. The letter stated the legal basis for Goldstrom's request, including both SGE's general obligation pursuant to New York Rule of Professional Conduct 1.16(e) to provide its former client's files, as ████

███████████████████████████████████████████

████████████████████████

38.  Goldstrom's November 3, 2022 letter further explained why it was inappropriate for SGE to demand that Goldstrom prepare an itemized list of document requests. Goldstrom's counsel did, however, provide SGE with a detailed description of the types of documents and information SGE was obligated to produce, specifically identifying (among other things):

a. All documents reflecting or constituting opinion work product produced by or received from any source relevant to the RICO Action and related investigations, proceedings, and litigation;

b. All documents reflecting or constituting work product including or summarizing any document, witness recollection, or other facts or opinions relevant to the RICO Action and related investigations, proceedings, and litigation;

c. Work product, including document collections, ██████████ ████████████████████████████████████████████ ████████████;

d. SGE invoices for work performed on the RICO Action and related investigations, proceedings, and litigation from May 2018 to March 2019; and

e. All documents reflecting communications between SGE and parties outside SGE related to SGE's representation of Goldstrom and/or McKinsey.

39.  On November 11, 2022, SGE sent Goldstrom's counsel a letter stating that it would conduct a search for files "████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████" Despite this representation, SGE has

never produced any documents to Goldstrom's counsel in response to Goldstrom's requests for his Case File.

40. On November 28, 2022, Goldstrom's counsel emailed SGE to request a detailed clarification of SGE's position with respect to their refusal to provide Goldstrom's Case File. In that correspondence, Goldstrom's counsel advised SGE that ███████████████████████████████████████████████████████████████████████████████████████████████.

41. On December 5, 2022, SGE replied, stating that it disagreed with Goldstrom's position.

42. On December 23, 2022, Goldstrom's counsel again requested clarification of SGE's position, and explained that, as counsel to Goldstrom, ████████████████████████████████████████████████████████████████████████ Goldstrom requested an estimate of the cost of reviewing and producing the relevant materials.

43. SGE did not answer Goldstrom's December 23, 2022 letter.

44. On January 10, 2023, Goldstrom's counsel again requested that SGE produce all documents SGE was obligated to share pursuant to New York Rule of Professional Conduct 1.16(e) and the Agreement. Goldstrom's counsel repeated his willingness to advance the reasonable cost of reviewing and producing the requested files. Goldstrom's counsel requested a definitive response not later than January 16, 2023, nearly four months after Goldstrom first requested SGE produce his Case File.

45. On January 16, 2023, SGE replied, again stating that it did not agree with Goldstrom's position and would not produce the entirety of the Case File requested by Goldstrom.

46. SGE was paid for all work completed during the joint representation and has not asserted non-payment as a basis to withhold the Case File.

47. On January 31, 2023, SGE transmitted to Goldstrom's counsel a cost estimate for producing a limited portion of Goldstrom's entire Case File. SGE estimated it would cost $3,750,000 (Three Million Seven Hundred Fifty Thousand Dollars) to produce only the limited portion of the Case File SGE intended to share with Goldstrom, and demanded an advance payment in the amount of $750,000 (Seven Hundred Fifty Thousand Dollars) as a condition to beginning its review and production of a limited portion of Goldstrom's Case File.

48. Goldstrom's counsel did not accept SGE's offer to return only a subset of Goldstrom's property at a cost of $3,750,000. SGE's request for a $750,000 advance payment and up to $3,750,000 in total costs was unreasonable, inconsistent with SGE's professional obligations, and tantamount to a refusal to produce the Case File.

49. On February 7, 2023, SGE informed Goldstrom's counsel that it was willing to produce a very limited portion of the Case File, consisting only of certain specific categories of communications, provided Goldstrom's counsel first transferred $375,000 to SGE. It was unreasonable for SGE to demand that Goldstrom pay SGE $375,000 to separate and withhold from Goldstrom portions of the Case File to which he is entitled, and Goldstrom did not accept SGE's unreasonable offer.

50. Goldstrom remains willing to arrange payment for the *reasonable* cost of producing *all* property to which he is entitled.

51. On August 21, 2023, the United States District Court for the Southern District of New York granted in part and denied in part the McKinsey defendants' motion to dismiss the

RICO Action, and ordered Goldstrom and the other McKinsey defendants to answer the remaining claims by September 18, 2023. This action followed.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT
### (28 U.S.C. § 2201)

52. Goldstrom alleges and incorporates the allegations of the paragraphs above as if fully set forth herein.

53. New York Rule of Professional Conduct 1.16(e) requires SGE to deliver "to the client all papers and property to which the client is entitled."

54. Pursuant to the New York Rules of Professional Conduct ████████████ ████████████████████████████, Goldstrom is entitled to any information obtained by SGE regarding any of its jointly represented clients to the extent such information is relevant to the representation of Goldstrom.

55. In violation of its professional and contractual obligations, SGE has refused to provide all documents and information Goldstrom is entitled to receive.

56. Goldstrom is entitled to a declaration that, pursuant to New York law ██████ ████████████████████████████████████, SGE has acted unlawfully in refusing to produce the complete Case File, and is required to provide Goldstrom with his complete Case File, which is comprised of all documents possessed by SGE relating to SGE's representation of Goldstrom and/or McKinsey and relevant to his counsel's representation of him, including but not limited to:

a. All documents reflecting or constituting opinion work product produced by or received from any source relevant to the RICO Action and related investigations, proceedings, and litigation;

b. All documents reflecting or constituting work product including or summarizing any document, witness recollection, or other facts or opinions relevant to the RICO Action and related investigations, proceedings, and litigation;

c. Work product including document collections ███████████████ ████████████████████████████████████████████ ████;

d. SGE invoices for work performed on the RICO Action and related investigations, proceedings, and litigation from May 2018 to March 2019; and

e. All documents constituting or reflecting communications between SGE and parties outside SGE related to SGE's representation of Goldstrom and/or McKinsey.

57. SGE has asserted that it will incur costs of approximately $3,750,000 to segregate and produce all of the limited information that SGE contends Goldstrom is entitled to receive. ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████. SGE has further asserted that an even more limited review and production of documents – covering only certain specified categories of communications – would require Goldstrom to make an advance payment to SGE of $375,000. A declaration that clarifies SGE's obligation to produce Goldstrom's entire Case File is therefore likely to reduce the cost of

producing such documents by more than $75,000, because SGE would not incur these substantial costs to review and separate documents if it produced the entire Case File.

58. Further, a declaration clarifying SGE's obligation to produce Goldstrom's Case File will limit the need for Goldstrom's counsel to replicate the work product included therein. The cost of replicating such work product substantially exceeds $75,000.

## COUNT II
## CONVERSION

59. Goldstrom alleges and incorporates the allegations of the paragraphs above as if fully set forth herein.

60. On October 14, 2022, SGE confirmed it had Goldstrom's Case File in its possession.

61. Goldstrom's Case File consists of specific, identifiable property. Goldstrom identified the specific property comprising his Case File in a November 3, 2022 letter to SGE.

62. Goldstrom has a right to possess the entirety of his Case File. Goldstrom is entitled to receive his entire Case File pursuant to New York Rule of Professional Conduct 1.16(e), ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. SGE has unlawfully deprived Goldstrom of his right of possession of his property.

63. On September 28, 2022, November 3, 2022, December 23, 2022, January 10, 2023, and January 13, 2023, Goldstrom's counsel demanded that SGE transmit Goldstrom's complete Case File.

64. SGE refuses to transmit the entirety of Goldstrom's Case File. Accordingly, SGE is in unauthorized possession of the Case File and has acted to exclude the rights of Goldstrom as rightful owner.

65. SGE has demanded $3,750,000 to review and segregate the limited number of documents that SGE incorrectly contends Goldstrom is entitled to receive. SGE later demanded $375,000 merely to review, segregate, and produce an even more limited portion of the Case File—covering only certain specified categories of communications. Accordingly, unless remedied by this court, SGE's unlawful conversion of Goldstrom's property will result in damages to Goldstrom of more than $75,000.

66. The cost of replicating the property that SGE has unlawfully and unprofessionally withheld, and to which Goldstrom is entitled, substantially exceeds $75,000.

## COUNT III
## REPLEVIN

67. Goldstrom alleges and incorporates the allegations of the paragraphs above as if fully set forth herein.

68. On October 14, 2022, SGE confirmed it had Goldstrom's Case File in its possession.

69. Goldstrom has a superior possessory right to his Case File, which he is entitled to receive pursuant to New York Rule of Professional Conduct 1.16(e) and ███████ ███████.

70. On September 28, 2022, November 3, 2022, December 23, 2022, January 10, 2023, and January 13, 2023, Goldstrom's counsel demanded that SGE produce Goldstrom's complete Case File.

71. SGE refuses to produce Goldstrom's Case File.

72. SGE demanded $3,750,000 to review and segregate the limited number of documents SGE incorrectly contends Goldstrom is entitled to. SGE later demanded $375,000

merely to review, segregate, and produce an even more limited portion of the Case File—covering only certain specified categories of communications.

73. The cost of replicating the work product that SGE has unlawfully and unprofessionally withheld, and to which Goldstrom is entitled, substantially exceeds $75,000.

## COUNT IV
## BREACH OF CONTRACT

74. Goldstrom alleges and incorporates the allegations of the paragraphs above as if fully set forth herein.

75. The Agreement is a contract between Goldstrom and SGE. SGE also entered into an oral agreement with Goldstrom according to which it would share any information it learned from Goldstrom with McKinsey and its other jointly represented clients, and information it learned from McKinsey or its other jointly represented clients with Goldstrom.

76. Goldstrom executed the Agreement on October 10, 2018.

77. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████ .

78. SGE has failed to produce, and by its conduct and statements declared expressly that it will refuse to honor its contractual obligation to produce all information obtained by "████████████████████████████████████████
████████████████████

79. Goldstrom has performed, and stands ready to perform, all of his obligations arising under the Agreement. In addition, Goldstrom has represented that he is prepared to arrange payment to SGE for the reasonable costs of producing the Case File in its entirety.

80. In violation of its contractual and professional commitments to Goldstrom, SGE has demanded $3,750,000 to review and segregate all documents SGE contends Goldstrom is entitled to receive, and to withhold those documents SGE incorrectly believes he is not entitled to receive. SGE has also improperly demanded $375,000 to review, segregate, and produce an even more limited portion of the Case File—covering only certain specified categories of communications.

81. SGE's breach of its obligation to share all documents comprising Goldstrom's Case File has caused Goldstrom damage in excess of $75,000.

## PRAYER FOR RELIEF

82. Wherefore, Plaintiff Seth Goldstrom hereby requests judgment against Defendant Selendy Gay Elsberg PLLC as follows:

   a. Enter judgment on each of the claims set forth in Counts I through IV in Goldstrom's favor;

   b. Issue a declaration that under New York law, ████████████████████████ ████████, SGE has acted unlawfully in refusing to provide Goldstrom with his complete Case File and is required to provide Goldstrom with his complete Case File, which includes, among other things:

      i. All documents reflecting or constituting opinion work product produced by or received from any source relevant to the RICO Action and related investigations, proceedings, and litigation;

  ii. All documents reflecting or constituting work product including or summarizing any document, witness recollection, or other facts or opinions relevant to the RICO Action and related investigations, proceedings, and litigation;

  iii. Work product including document collections ███████████ ████████████████████████████████████ ██████████████;

  iv. SGE invoices for work performed on the RICO Action and related investigations, proceedings, and litigation from May 2018 to March 2019; and

  v. All documents reflecting communications between SGE and parties outside SGE related to SGE's representation of Goldstrom and/or McKinsey.

c. Issue a writ of replevin ordering SGE to return Goldstrom's property;

d. Enter a judgment that SGE has unlawfully converted Goldstrom's property;

e. Order specific performance of SGE's obligations pursuant to the Agreement;

f. Award Goldstrom damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Goldstrom for all monetary and/or economic damages;

g. Award such other, further, and different relief, including but not limited to equitable relief, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

83. Goldstrom demands a jury trial for all claims and issues in this action that are triable as a matter of right to a jury

Dated: August 24, 2023

Respectfully submitted,

Reid M. Figel
Robert C. Klipper (*pro hac vice* to be filed)
E. Perot Bissell (*pro hac vice* to be filed)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
rfigel@kellogghansen.com
rklipper@kellogghansen.com
pbissell@kellogghansen.com

*Attorneys for Seth Goldstrom*