

August 30, 2023

<u>**Via ECF and E-mail**</u>

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:   Letter Motion to Seal Third-Party Complaint and Counterclaim for Interpleader and Declaratory Relief, and Answer – *Goldstrom v. Selendy Gay Elsberg PLLC*; *Selendy Gay Elsberg PLLC* (Interpleader) *v. Goldstrom*; *Selendy Gay Elsberg PLLC* (Interpleader) *v. McKinsey, et. al.*, 23 Civ. 7527 (UA)

Dear Judge Furman,

Selendy Gay Elsberg PLLC ("<u>SGE</u>") requests permission in the above-captioned action to file under seal its Third-Party Complaint and Counterclaim for Interpleader and Declaratory Relief, and Answer ("<u>Interpleader Complaint</u>"), per Rule 7 of this Court's Individual Rules of Practices in Civil Cases.

The Interpleader Complaint concerns competing claims among two former SGE clients to legal files maintained by SGE. While Plaintiff Seth Goldstrom ("<u>Goldstrom</u>") has asserted, through his August 24, 2023 complaint (the "<u>Complaint</u>"), property rights to certain files in SGE's possession, SGE's former clients McKinsey & Co., McKinsey & Company Inc. United States; McKinsey Holdings, Inc.; and McKinsey Recovery & Transformation Services U.S., LLC. (collectively, "<u>McKinsey</u>"), have asserted that the materials sought in the Complaint are confidential and privileged as to McKinsey, and directed SGE not to produce such documents to Goldstrom. McKinsey is therefore a necessary and indispensable party in this matter that SGE seeks to interplead.

To interplead McKinsey and to respond to the Complaint, including by asserting an interpleader counterclaim against Goldstrom, SGE must disclose confidential information belonging to McKinsey, including the nature of the legal files sought, the existence of certain confidential legal inquiries, and the terms of McKinsey's engagement letter and conflicts waiver with SGE.

Hon. Jesse M. Furman
August 30, 2023

McKinsey has requested that SGE protect its confidential information by filing any responsive pleadings under seal.

SGE therefore seeks the Court's permission to file the Interpleader Complaint under seal to protect McKinsey's rights and confidentiality. Under this Court's precedent, the judicial interest in protecting third parties' confidential information outweighs the presumption of public access to judicial information. *See City of Philadelphia v. Bank of Am. Corp.*, No. 19-cv-1608 (JMF), 2023 U.S. Dist. LEXIS 48133, at *16 (S.D.N.Y. Mar. 17, 2023) (Furman, J.) ("courts in this District have held that third-party confidential information warrants sealing over public access"). This interest is especially pronounced here because McKinsey is currently litigating *Alix v. McKinsey & Co., Inc., et al.*, Case No. 1:18-cv-04141-JMF, which is pending before this Court. The confidential information at issue here directly relates to the pending matter.

Pursuant to Rule 7 of this Court's Individual Rules of Practices in Civil Cases, SGE has notified McKinsey that it must file, within three business days, a letter explaining the need to seal the Interpleader Complaint. SGE has also provided an unredacted copy of the Interpleader Complaint to both Goldstrom and McKinsey.

Sincerely,

*[signature]*

Lauren J. Zimmerman

The motion to seal is granted temporarily. The Court will re-evaluate upon any submission by third-party McKinsey or if the Court receives a motion to unseal. The Clerk of Court is directed to terminate ECF No. 10.

SO ORDERED.

*[signature]*

August 31, 2023

2