# Frankfurt Kurnit Klein + Selz PC

**Ronald C. Minkoff**

28 Liberty Street, New York, New York 10005

T (212) 705-4837     F (347) 438-2112

rminkoff@fkks.com

September 14, 2023

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

> Application GRANTED. The conference previously scheduled for September 21, 2023, is hereby rescheduled to October 11, 2023, at 2:45 p.m., in Courtroom 1105 pursuant to ECF No. 6.  No later than September 28, 2023, the parties shall submit a joint status letter describing the status of potential joinder of other defendants.  For the moment, all other answer and response deadlines in the case are extended to October 17, 2023. The Clerk of Court is directed to terminate ECF No. 39.
>
> SO ORDERED.
>
> September 15, 2023

    Re:    *Goldstrom v. Selendy Gay Elsberg PLLC*, 23 Civ. 7527 (JMF)

Dear Judge Furman:

We represent the Third-Party Interpleader Defendants McKinsey & Company, Inc., McKinsey & Company Inc. United States, McKinsey Holdings, Inc., and McKinsey Recovery & Transformation Services U.S. LLC (collectively, "McKinsey") in the above-referenced matter (the "Action").  We write this joint letter on behalf of all parties to this Action pursuant to this Court's Order dated August 28, 2023 (the "Order").  ECF No. 6.

The parties have had constructive meet-and-confers this week regarding the various issues in this case.  Over the course of those meet-and-confers, it has become clear to the parties that, beyond McKinsey and Plaintiff/Interpleader Defendant Seth Goldstrom ("Mr. Goldstrom"), this dispute may implicate the interests of other individuals named as defendants in the pending *Alix v. McKinsey & Co., Inc., et al.*, Case No. 1:18-cv-04141-JMF (the "Other Individuals"), who were also jointly represented by Defendant/Third-Party Plaintiff Selendy Gay & Elsberg PLLC ("SGE") between May 9, 2018 and March 8, 2019.

As McKinsey informed the Court in its letter of September 5, 2023, it intends to make a motion before this Court to compel arbitration, which Mr. Goldstrom intends to oppose and on which SGE intends to take no position.  The parties recognize that to the extent that any of the non-party Other Individuals need to be joined as parties to the interpleader action, they may have views on McKinsey's forthcoming motion that they will want to assert.

As such, the parties believe that it would be prudent and in the interests of judicial efficiency for a determination to be made as to whether it will be necessary to add any additional parties to this action.  The parties have not reached agreement on the timeline for that determination.

Honorable Jesse M. Furman
September 14, 2023
Page -2-

SGE Proposal:  SGE agrees that the parties should file a joint letter on or before
September 28, 2023, but cannot represent to the Court that it will have been able to reach a final
determination as to whether it will need to interplead any of the Other Individuals by that
date.  At the time SGE filed its interpleader complaint, it understood Mr. Goldstrom to be
seeking only documents that might implicate McKinsey's privileged and/or confidential
information; as such, it interpleaded only McKinsey and Mr. Goldstrom.  *See* SGE Third-Party
Complaint and Crossclaim for Interpleader and Answer at 6, n.6.  During a meet and confer
yesterday, it became clear to SGE that Mr. Goldstrom is seeking documents implicating the
Other Individuals.  Immediately after that call, SGE reached out to counsel for those Other
Individuals to ascertain whether their clients would object to SGE producing the documents
requested by Mr. Goldstrom.  In order to make that determination, counsel will need to review
the documents at issue, determine whether there is privileged or confidential material relating
only to one or more of the Other Individuals (and not to Mr. Goldstrom), and then determine
whether those Other Individuals will or will not consent to the production of such material (and,
consequently, whether they will need to be interpleaded to assert any such objections).

Counsel for at least several of the Other Individuals have indicated to SGE that, even
working expeditiously, they cannot commit to having completed this process, which may include
discussions with counsel for Mr. Goldstrom in an attempt to minimize or resolve any objections,
by September 28, 2023 (a two-week period that includes the Jewish High Holidays).  As such,
and in order to avoid placing additional burdens on the parties and the Court by unnecessarily
interpleading additional parties, SGE respectfully proposes that it report back to the Court on
September 28, 2023 on the status of this issue and, at that time, propose a date certain by which it
can advise the Court as to whether any additional parties must be joined.

McKinsey Proposal:  McKinsey concurs with SGE's proposal as to the timing of SGE's
determination (and reporting to the Court) as to whether to add Other Individuals as parties.

Mr. Goldstrom's Proposal:  Mr. Goldstrom proposes that the Court set a date certain—
September 28, 2023, or a date reasonably soon thereafter—for the parties to file a joint letter
notifying the Court whether or not SGE will join any of the Other Individuals, and if so, when.
Mr. Goldstrom's Complaint seeks documents that are relevant to his defense of the *Alix*
litigation, and that he first requested from SGE approximately one year ago.  For that reason, Mr.
Goldstrom respectfully requests that the Court set a date certain for SGE's joinder determination
rather than adopting an open-ended schedule.

Joint Proposal:  In light of the foregoing, the parties jointly propose that the Court
adjourn the conference scheduled for September 21, 2023.  The parties jointly propose that, if
and when it is determined that no additional parties need be joined, the parties will, after
meeting-and-conferring again, provide the Court with their availability for a rescheduled status
conference and/or a briefing schedule on McKinsey's anticipated motion to compel.  The parties
jointly and respectfully request that all other case deadlines in this matter—including but not
limited to McKinsey's response to SGE's Third-Party Complaint and Mr. Goldstrom's answer or

Honorable Jesse M. Furman
September 14, 2023
Page -3-

motion to dismiss SGE's counterclaim—be adjourned until the determination as to the joinder of additional Other Individuals.

Finally, with respect to the questions in the Court's August 28, 2023 Order, ECF 6, and without prejudice to McKinsey's right to seek arbitration, the parties respond as follows:

A.      With regard to merits discovery:  The parties have not reached agreement regarding the need for merits discovery in this matter.  SGE and McKinsey believe this dispute involves pure questions of law and contractual interpretation for which discovery is not required.  Mr. Goldstrom believes that discovery is required.

B.      Whether litigation can be avoided:  As described in both Mr. Goldstrom and SGE's pleadings, the parties have repeatedly tried and failed to resolve this dispute through informal negotiation.  While the parties are reluctant to say that a resolution is impossible, the parties' inability to reach a resolution outside of litigation thus far suggests that litigation cannot be avoided at this time.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Ronald C. Minkoff*

Ronald C. Minkoff

*Counsel for McKinsey & Company, Inc., McKinsey & Company Inc. United States; McKinsey Holdings Inc.; and McKinsey Recovery & Transformation Services U.S., LLC*

cc:      All Counsel of Record (via ECF)