# Frankfurt Kurnit Klein + Selz PC

**Ronald C. Minkoff**

28 Liberty Street, New York, New York 10005

T (212) 705-4837     F (347) 438-2112

rminkoff@fkks.com


October 6, 2023

<u>VIA ECF</u>
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    Sealing Portions of Motion to Compel, Minkoff Declaration, and Exhibits
             in *Goldstrom v. Selendy Gay Elsberg PLLC*, 23 Civ. 7527 (JMF)

Dear Judge Furman:

      We represent Third-Party Interpleader Defendants McKinsey & Co., Inc., McKinsey & Company Inc. United States, McKinsey Holdings, Inc., and McKinsey Recovery & Transformation Services U.S. LLC (collectively, "<u>McKinsey</u>").  Pursuant to Rule 7(C) of Your Honor's Individual Rules and Practices in Civil Cases ("<u>Indiv. Rules</u>"), McKinsey hereby seeks leave to file under seal (i) *portions* of its Motion to Compel Arbitration and Stay This Action Pending Arbitration (the "<u>Motion to Compel</u>") and Declaration of Ronald C. Minkoff in Support of the Motion to Compel (the "<u>Minkoff Declaration</u>") and Exhibit 1 to the Minkoff Declaration, and (ii) the entirety of the remaining exhibits to the Minkoff Declaration (the "<u>Exhibits</u>").

      The Motion to Compel, Minkoff Declaration, and Exhibits contain information related to the legal representation of McKinsey and others by Selendy Gay Elsberg PLLC ("<u>Selendy</u>"). The filings also discuss matters that McKinsey contends are subject to confidential arbitration, and that are not properly addressed in this forum.  These are the same grounds on which the Court previously ordered materials—including some of the same exhibits included here—to be sealed.  *See* Order dated September 7, 2023 (Dkt. No. 37) (stating, in reference to Selendy's Third-Party Complaint and the exhibits thereto, that McKinsey's "interest . . . in maintaining the confidentiality of information related to their legal representation, especially in light of their position that the matter is subject to arbitration, justifies the proposed limited redactions"); *see also, e.g.*, *Stafford v. Int'l Bus. Machines Corp.*, No. 22-1240, 2023 WL 5183546, at *5 (2d Cir. Aug. 14, 2023) (sealing warranted for judicial documents subject to confidential arbitration); *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) (confidentiality is "a paradigmatic aspect of arbitration."); *Johnson v. Medisys Health Network*, No. 10-CV-1596 ERK VVP, 2011 WL 5222917, at *22-25 (E.D.N.Y. June 1, 2011), *report and recommendation adopted as*

Honorable Jesse M. Furman
October 6, 2023
Page -2-

*modified*, No. CV-10-1596 ERK VVP, 2011 WL 4101323 (E.D.N.Y. Sept. 8, 2011) (redacting and sealing confidential information discussed during an attorney-client relationship, which "is broader than the scope of the attorney-client privilege") (cleaned up).

      With respect to the Motion to Compel, Minkoff Declaration, and Exhibit 1 to the Minkoff Declaration, McKinsey has proposed redactions to cover confidential material subject to arbitration, while allowing public access to other aspects of these documents. McKinsey respectfully requests that the remaining Exhibits to the Minkoff Declaration be kept under seal in their entirety. *See* Order dated September 7, 2023 (Dkt. No. 37) (approving the sealing of the exhibits to Selendy's Third-Party Complaint, some of which are exhibits here as well). McKinsey submits that such an approach appropriately balances the need for public access with McKinsey's interest in protecting its confidential attorney-client information, and the confidentiality of arbitration. *See* Indiv. Rule 7(B).

      Respectfully submitted,

      FRANKFURT KURNIT KLEIN & SELZ, P.C.

      By:   /s/ Ronald C. Minkoff
           Ronald C. Minkoff

*Counsel for McKinsey & Company, Inc., McKinsey & Company Inc. United States, McKinsey Holdings Inc., and McKinsey Recovery & Transformation Services U.S., LLC*

cc:    All Counsel of Record (via ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 43.

SO ORDERED.

*[signature]*

October 10, 2023