KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

October 27, 2023

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 52.

SO ORDERED.

[signature]

October 30, 2023

**VIA ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: Sealing Portions of Brief in Opposition to Motion to Compel, Klipper Declaration, Goldstrom Declaration, and Exhibits in *Goldstrom v. Selendy Gay Elsberg PLLC*, Case No. 1:23-cv-07527-JMF [rel. 18-cv-04141]

Dear Judge Furman:

We represent Plaintiff Seth Goldstrom ("Goldstrom"). Goldstrom hereby seeks leave to file under seal portions of his Brief in Opposition to McKinsey's Motion to Compel Arbitration ("Opposition Brief"), Declaration of Robert Klipper in Opposition to McKinsey's Motion to Compel ("Klipper Declaration") and Exhibits to the Klipper Declaration ("Klipper Exhibits"), Declaration of Seth Goldstrom in Opposition to McKinsey's Motion to Compel ("Goldstrom Declaration") and Exhibits to the Goldstrom Declaration ("Goldstrom Exhibits").

By letter motion dated October 6, 2023, McKinsey moved this Court for leave to file portions of its Motion to Compel Arbitration and Stay This Action Pending Arbitration and supporting documents under seal on the ground that they "discuss matters that McKinsey contends are subject to confidential arbitration." ECF No. 43 at 1. By Order dated October 10, 2023, the Court permitted McKinsey temporarily to file those documents under seal and stated that it "will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion." ECF No. 50 at 2. In accordance with the Court's Order, Goldstrom has proposed redactions to his Opposition Brief, the Klipper Declaration, the Goldstrom Declaration, the Klipper Exhibits and the Goldstrom Exhibits where those documents concern any putative arbitration.

Goldstrom has proposed additional redactions to his Opposition Brief, the Klipper Declaration, the Goldstrom Declaration, the Klipper Exhibits, and the Goldstrom Exhibits to cover material that implicates communications protected by the attorney-client privilege, the work product doctrine, and the overarching duties of confidence and loyalty that attorneys owe

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

October 27, 2023
Page 2

to their clients. While there is a presumption of public access to documents filed in connection with litigation, the presumption is not absolute. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Courts routinely permit parties to seal documents and redact information from filed documents that would reveal privileged attorney-client communications, attorney work product, and other sensitive information arising out of the representation of clients in contested litigation. *See, e.g.*, *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) ("It is undeniable that the public has a significant interest in preserving the confidentiality of attorney-client communications."). "Indeed, this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *United Specialty Ins. Co. v. LIC Contracting, Inc.*, 2022 WL 74157, at *3 (E.D.N.Y. Jan. 6, 2022) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 11 (1st Cir. 1998)); *see also Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980) (concluding that the public's interest in preserving the attorney-client privilege outweighs the public's more general interest in access to court documents); *Dombrowski v. Bell Atl. Corp.*, 128 F. Supp. 2d 216, 219 (E.D. Pa. 2000) (finding that the failure to maintain privileged materials under seal would "cause 'a clearly defined and serious injury' not only to the parties seeking closure but also to the public interest which the attorney-client privilege is designed to serve.") (quoting *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)).

      The relief Goldstrom seeks is "narrowly tailored" to protecting the public's interest in preserving the attorney-client privilege, the work product doctrine, and the overarching duties of confidence and loyalty that attorneys owe to their clients. *Lugosch*, 435 F.3d at 120. The material Goldstrom seeks to redact – other than the material the Court has permitted to remain temporarily sealed regarding the putative arbitration – is limited to the substance of communications and agreements among lawyers and their clients in connection with *Alix v. McKinsey & Co. Inc., et al.*, S.D.N.Y. Case No. 1:18-cv-04141-JMF, and events related to the ongoing representation of Goldstrom and others in that matter. Because this material, unless redacted, could reveal the substance of communications among lawyers and their clients, including Goldstrom, and communications between Goldstrom's current and prior counsel, Goldstrom requests that such material be redacted from the public version of his Opposition Brief, the Klipper Declaration, the Goldstrom Declaration, the Klipper Exhibits, and the Goldstrom Exhibits.

***

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

October 27, 2023
Page 3

                                               Respectfully submitted,

                                                /s/ Reid M. Figel
                                               Reid M. Figel
                                               KELLOGG, HANSEN, TODD,
                                                   FIGEL & FREDERICK, P.L.L.C.
                                               1615 M Street, N.W., Suite 400
                                               Washington, D.C.  20036
                                               Telephone:  (202) 326-7900
                                               Facsimile:  (202) 326-7999
                                               rfigel@kellogghansen.com

                                               *Attorney for Seth Goldstrom*

cc: All Counsel of Record (via ECF)